**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5272**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GAMA-SALDIVAR, a/k/a El Burro, a/k/a Pascual Delgado-Saldivar,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00197-NCT)

---

Submitted: June 15, 2007          Decided: July 12, 2007

---

Before WILLIAMS, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Gama-Saldivar appeals his conviction and 136-month sentence following his guilty plea to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Gama-Saldivar's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred by imposing a sentence within the guidelines. The Government did not file a reply brief, and although advised of his right to do so, Gama-Saldivar did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel suggests that the district court erred by imposing a sentence within the recommended guidelines range. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal

- 2 -

quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Gama-Saldivar post-Booker and appropriately treated the guidelines as advisory. The court sentenced Gama-Saldivar after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Gama-Saldivar's 136-month sentence is well within the appropriate guidelines range and below the statutory maximum sentence of life in prison. Gama-Saldivar asked for a sentence at the bottom of the guidelines range because he would be deported; the district court noted that it saw no reason to depart from the guidelines.

Finally, neither Gama-Saldivar nor the record suggests any information so compelling to rebut the presumption that a sentence within the properly calculated guidelines range is reasonable. Accordingly, we affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

therefore affirm Gama-Saldivar's conviction and sentence. This court requires that counsel inform Gama-Saldivar, in writing, of the right to petition the Supreme Court of the United States for further review. If Gama-Saldivar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gama-Saldivar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED